# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,        .
                                 .
        Plaintiff,               .
                                 . Case No. 22-mj-12375 and
vs.                              . 2:22-cr-213-KJM (Eastern
                                 . District of California)
NAVIN KHANNA, et al.,            .
                                 . Newark, New Jersey
        Defendants.              . November 2, 2022
                                 .
```

```
        TRANSCRIPT OF INITIAL APPEARANCE AND BAIL HEARING
           BEFORE THE HONORABLE JAMES B. CLARK, III
                 UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES (the parties appeared in person):

For the Government:     CAMILA ANDREA GARCES, ESQ.
                        Office of the U.S. Attorney
                        District of New Jersey
                        970 Broad Street
                        Newark, NJ 07102
                        (973) 634-1210
                        camila.garces@usdoj.gov

                        FRANCESCA ANNE LIQUORI, ESQ.
                        Office of the U.S. Attorney
                        District of New Jersey
                        970 Broad Street
                        Newark, NJ 07102
                        (973) 297-4373
                        francesca.liquori3@usdoj.gov

Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ  07457
                           (973) 237-6080

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

```
 1   (APPEARANCES continued)

 2   For the Defendant      THOMAS RICHARD CALCAGNI, ESQ.
     Navin Khanna:          Calcagni & Kanefsky LLP
 3                          One Newark Center
                            1085 Raymond Boulevard, 14th Floor
 4                          Newark, NJ 07102
                            (862) 397-1796
 5                          tcalcagni@ck-litigation.com

 6                          RICHARD SPATOLA, ESQ.
                            Calcagni & Kanefsky LLP
 7                          One Newark Center
                            1085 Raymond Boulevard, 14th Floor
 8                          Newark, NJ 07102
                            (862) 397-1796
 9                          rspatola@ck-litigation.com

10
     For the Defendant      SAVERIO VIGGIANO, ESQ.
11   Tinu Khanna:           Office of the Federal Public Defender
                            1002 Broad Street
12                          Newark, NJ 07102

13
     For the Defendant      MICHAEL V. CALABRO, ESQ.
14   Daniel Dolan:          475 Bloomfield Avenue
                            Newark, NJ 07107
15                          (973) 482-1085
                            mcalabro475@gmail.com
16

17   For the Defendant      JULIAN WILSEY, ESQ.
     Chi Mo:                Franzblau Dratch, PC
18                          Plaza One
                            354 Eisenhower Parkway
19                          PO Box 472
                            Livingston, NJ 07039-0472
20                          (973) 992-3700
                            wilsey@njcounsel.com
21

22   For the Defendant      ERIC H. JASO, ESQ.
     Wright Louis           Spiro Harrison
23   Mosley:                363 Bloomfield Avenue, Suite 2C
                            Montclair, NJ 07042
24                          (973) 310-4026
                            ejaso@spiroharrison.com
25
```

```
 1   (APPEARANCES continued)

 2   For the Defendant        ERNESTO CERIMELE, ESQ.
     Ishu Lakra:              Klingeman Cerimele
 3                            60 Park Place, Suite 1100
                              Newark, NJ 07102
 4                            (973) 792-8822
                              ernesto@klingemanlaw.com
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (Commencement of proceedings)

 2

 3              THE COURT:  All right.  We're on the record in

 4   United States of America v. Navin Khanna, Tinu Khanna, Daniel

 5   Dolan, Chi Mo, Wright Lewis Mosley, and Ishu Lakra.  The

 6   Docket Number in New Jersey is 22-12375.  And the Docket

 7   Number in California is 22-213 (KJM).  And it is 15 minutes

 8   before 4 on the afternoon of November 2nd, 2022.

 9              I know we have all the defendants here.  And I

10   think we have all counsel here.

11              At the outset, I want to ask does anybody have an

12   issue on identity?

13              MALE SPEAKER:  Nothing, Judge.

14              THE COURT:  Nothing?  I'll reiterate the question

15   when we actually appoint counsel, but that's the kind of a

16   thing I've got to ask right at the outset because if there's

17   an identity issue, we need to take that up right away.  Okay.

18              So hearing nothing -- or hearing one "no," I will

19   assume we have no identity problems going -- or no identity

20   issues going forward.

21              Let me see who we have here.

22              Do we have Mr. Khanna?  Navin Khanna?  Yes?

23              DEFENDANT NAVIN KHANNA:  Yes.

24              THE COURT:  Okay.

25              Do we have Mr. Tinu Khanna?
```

United States v. Khanna, et al. Initial Hearing
|22-mj-12375, November 2, 2022

1           DEFENDANT TINU KHANNA:  Yes, Judge.

2           THE COURT:  Yes, so speak up so that we can get you

3   on the record.

4           Do we have Mr. Daniel Dolan?

5           DEFENDANT DOLAN:  Yes, sir.

6           THE COURT:  All right.

7           Do we have Mr. Chi Mo?

8           DEFENDANT MO:  Yes, sir.

9           THE COURT:  Do Mr. Wright Louis Mosley?

10           DEFENDANT MOSLEY:  Yes, sir.

11           THE COURT:  And do we have Mr. Ishu Lakra?

12           DEFENDANT LAKRA:  Yes, sir.

13           THE COURT:  All right.

14           Gentlemen, we're here for your initial appearance

15   on charges brought against you in an indictment out of the

16   Eastern District of California.

17           The purpose of today's proceedings is to advise you

18   of your rights; to advise you of the nature of charges

19   against you and the potential penalties; to consider the

20   appointment of counsel; to determine conditions of release or

21   detention; and to set a schedule for further proceedings as

22   necessary.

23           I'd first like to advise you all of your rights.

24   You have the right to remain silent.  That means you are not

25   required to speak with anyone or make any statements, and if

Case 2:22-cr-00213-KJM   Document 79-1   Filed 12/14/22   Page 7 of 50

United States v. Navin Khanna, et al. Hearing

|22-mj-12375, November 2, 2022

6

 1    you do, you can stop at any time.  You should know that

 2    anything you say can and will be used against you.

 3            You have the right to be represented by an

 4    attorney.  If you cannot afford an attorney, I will appoint

 5    one for you at no cost to you.

 6            You have the right under Federal Rule of Criminal

 7    Procedure 20 to ask the United States government if it would

 8    agree to have your case transferred from the Eastern District

 9    of California to the District of New Jersey for the purpose,

10    if you chose to do so, of entering a guilty plea.  And, if

11    you and the United States attorneys agreed, this case could

12    be transferred to New Jersey for the purpose of plea and

13    sentencing.

14            You also have the right to an identity hearing

15    where the government would have to prove that you are the

16    same person named in the indictment.

17            Mr. Navin Khanna, do you understand these rights?

18            Mr. Tinu Khanna, do you understand these rights?

19            Mr. Dolan, do you understand these rights?

20            DEFENDANT DOLAN:  Yes, sir.

21            THE COURT:  Mr. Mo, do you understand these rights?

22            DEFENDANT MO:  Yes, sir.

23            THE COURT:  Mr. Mosley, do you understand these

24    rights?

25            DEFENDANT MOSLEY:  Yes, sir.

```
 1              THE COURT:  And, Mr. Lakra, do you understand these
 2  rights?
 3              DEFENDANT LAKRA:  Yes, sir.
 4              THE COURT:  All right.  I'll take you one at a
 5  time.
 6              Mr. Khanna, Navin Khanna, my understanding is you
 7  would like the Court to appoint an attorney for you.  Is that
 8  right?
 9              MR. CALCAGNI:  Judge, Your Honor, Tom Calcagni.
10  We've been retained to represent Mr. Khanna.
11              THE COURT:  Okay.  Well, then we're all set.  Just
12  give me one moment.  I have a lot of paperwork to keep track
13  of.
14              All right.  So moving on to Mr. Tinu Khanna, am I
15  right in my understanding that you would like the Court to
16  appoint an attorney for you?
17              DEFENDANT TINU KHANNA:  Yes, Your Honor.  I think
18  because...
19              THE COURT:  All right.  And, Mr. Khanna, you have a
20  financial affidavit that you have filled out.  I don't have a
21  signature on it.  And, frankly, where it says "How much do
22  you earn each month," you have "unknown."  And for a -- and,
23  really, that's the biggest concern I have.
24              So, you know -- I'm willing to appoint counsel for
25  you today for the purposes of going forward today, but I
```

|22-mj-12375, November 2, 2022

1  would like you to sign this affidavit and fill in that bit of

2  information as best as you can, because I need that

3  information in order to make a --

4      (Interruption in proceedings)

5          THE COURT:  But I will need that information in

6  order to make the appropriate judgment regarding whether you,

7  in fact, qualify for the appointment of counsel permanently.

8          But I will for the time being appoint Pasquale

9  Giannetta CJA counsel to represent you in these proceedings.

10          All right.

11          As to Mr. Dolan, my understanding is you would like

12  me to appoint an attorney for you.  Is that right?

13          DEFENDANT DOLAN:  Yes, Your Honor.

14          THE COURT:  All right.

15          Mr. Dolan, I have a financial affidavit for you.  I

16  have reviewed that financial affidavit.  I do find that you

17  qualify for the appointment of counsel.  Again, if we

18  could -- Steven or somebody -- if we could have him actually

19  sign this affidavit -- you might as well take care of that

20  now.

21          But after you sign this -- I find that you do

22  qualify for the appointment of counsel.  I'm going to appoint

23  Michael Calabro CJA counsel to represent you.  All right?

24          All right.

25          Mr. Mo?  My understanding is you would like the

1   Court to appoint counsel for as well as.  Is that right?

2            DEFENDANT MO:  That's correct.

3            THE COURT:  All right.  And, Mr. Mo, I have --

4   let's see -- I do have a signed -- a signed financial

5   affidavit for you.  I find, based on this financial

6   affidavit, that you do qualify for appointment of counsel.

7            I'm going to appoint Julian Wilsey CJA counsel to

8   represent you going forward in this matter.

9            All right?

10           DEFENDANT MO:  Thank you.

11           THE COURT:  Mr. Mosley, same thing.  I understand

12  you would like the Court to appoint counsel for you.  Is that

13  right?

14           DEFENDANT MOSLEY:  Yes, sir.

15           THE COURT:  All right.  I do believe I have a

16  financial affidavit for you as well.  Let me just take a

17  look.  Yup.  Signed.

18           And I find that you qualify for the appointment of

19  counsel, Mr. Mosley.

20           I'm going to appoint Eric Jaso CJA counsel to

21  represent you in this matter.

22           DEFENDANT MOSLEY:  Thank you, Your Honor.

23           THE COURT:  And, Mr. Lakra, my understanding is you

24  would also like the Court to appoint counsel for you.  Is

25  that right?

```
 1              DEFENDANT LAKRA:  Yes, sir.

 2              THE COURT:  All right.  Mr. Lakra, I have a -- I

 3  believe I have a financial affidavit for you as well.  Yes.

 4  Let's see if it's signed.  And I find that you qualify as

 5  well for the appointment of counsel, and I'm going to appoint

 6  Ernesto Cerimele CJA counsel to represent you going forward

 7  in this matter.

 8              With that, can we have appearances of counsel for

 9  everyone in this matter.

10              MS. GARCES:  Good afternoon --

11              THE COURT:  Starting with Government.

12              MS. GARCES:  Good afternoon, Your Honor.  Camila

13  Garces, Assistant United States Attorney, on behalf of the

14  Government.

15              MS. LIQUORI:  Good afternoon, Your Honor.  For the

16  Government, Assistant United States Attorney Francesca

17  Liquori.

18              THE COURT:  Good afternoon.

19              And why don't we try to do it in the order that

20  I -- the names appear in the indictment.

21              So we'll start with you, Mr. Calcagni.

22              MR. CALCAGNI:  Sure, Your Honor.  Tom Calcagni and

23  my colleague Rich Spatola on behalf of Mr. Navin Khanna.

24              THE COURT:  Good afternoon.

25              MR. CALCAGNI:  Good afternoon, Your Honor.
```

1          MR. VIGGIANO:  Good afternoon, Your Honor.

2          Your Honor, it's my understanding that

3   Mr. Giannetta is not here and the public defender's standing

4   for Mr. Tinu Khanna.

5          So Saverio Viggiano on behalf of Mr. Khanna.

6          THE COURT:  Okay.  Good afternoon, Mr. Viggiano.

7          MR. VIGGIANO:  Good afternoon, Judge.

8          MR. CALABRO:  Good afternoon, Judge.  Michael

9   Calabro on behalf of Daniel Dolan.

10          THE COURT:  Good afternoon.

11          MR. WILSEY:  Good afternoon, Your Honor.  Julian

12   Wilsey on behalf of Mr. Mo.

13          THE COURT:  Good afternoon.

14          MR. JASO:  Good afternoon, Your Honor.  Eric Jaso

15   of the law firm of Spiro Harrison & Nelson on behalf of

16   Mr. Mosley.

17          THE COURT:  Good afternoon.

18          MR. CERIMELE:  And good afternoon, Judge.  Ernesto

19   Cerimele from Cerimele attorneys on behalf of Ishu Lakra.

20          THE COURT:  Okay.  Good afternoon.

21          Mr. Calcagni, have you had an opportunity to review

22   the charges and the charging document with your client?

23          MR. CALCAGNI:  Yes, Your Honor.

24          THE COURT:  Are you satisfied he understands?

25          MR. CALCAGNI:  I am, Your Honor.

```
 1                THE COURT:  And do you waive reading?

 2                MR. CALCAGNI:  Yes.

 3                THE COURT:  All right.

 4           Mr. Viggiano, have you had an opportunity to review

 5   the charging document with Tinu Khanna?

 6                MR. VIGGIANO:  I have, Your Honor.  I have

 7   presented him a copy as well.

 8                THE COURT:  Are you satisfied he understands?

 9                MR. VIGGIANO:  I do, Your Honor, and we waive a

10   reading in court today.

11                THE COURT:  All right.  Thank you.

12           Mr. Calabro, have you had an opportunity to review

13   the charging document and the charges to Mr. Dolan?

14                MR. CALABRO:  I have.

15                THE COURT:  Are you satisfied he understands?

16                MR. CALABRO:  I am.

17                THE COURT:  Do you waive reading?

18                MR. CALABRO:  I do.

19                THE COURT:  All right.

20           Mr. Wilsey, have you had an opportunity to review

21   the charging document with Mr. Mo?

22                MR. WILSEY:  Yes.  And I believe he understands the

23   charges.  And we waive a reading of the indictment.

24                THE COURT:  All right.  Thank you.

25           Mr. Jaso, same question.
```

1          MR. JASO:  Likewise, Your Honor.  He has -- I have

2    gone over it with him.  I provided him a copy, and we do

3    waive reading.

4          THE COURT:  All right.

5          And, Mr. Cerimele, as to Mr. Lakra.

6          MR. CERIMELE:  Yes, Your Honor, we've received a

7    copy of the indictment and reviewed it, and we waive a

8    reading.  Thank you.

9          THE COURT:  All right.  Thank you.

10          Notwithstanding, I think we need to put the -- the

11    charges -- or at least the summary of the charges and the

12    summary of the potential penalties on the record as well as

13    the Padilla warnings, that I take -- I think the exposure's a

14    little different for the defendants.  So you may have to take

15    them one at a time, Ms. Garces, but we'll be happy to hear

16    from you as to all of them, please.

17          MS. GARCES:  Certainly.  Would you like me to go in

18    any particular order or?

19          THE COURT:  Might as well go in the order that they

20    appear -- I've been just going in the order that the names

21    appear on the indictment, so if you want to do it that way,

22    that would probably keep things consistent.

23          MS. GARCES:  Certainly, Your Honor.

24          We will then start with Mr. Navin Khanna.  He is

25    charged with six counts.  He was indicted in the Eastern

1  District of California on the following charges:  Count 1,

2  conspiracy to transport stolen property interstate in

3  violation of Title 18 U.S.C. § 371.  That violation carries a

4  statutory maximum prison sentence of five years and a

5  statutory maximum fine equal to the greatest of $250,000,

6  twice the gross amount of any pecuniary gain that any persons

7  derived from the offense, or twice the gross amount of any

8  pecuniary loss sustained by any victims of the offense.

9           Under Title 18 U.S.C. § 3583, the sentencing judge

10  may require the defendant to serve a term of surprised

11  release of not more than three years on that violation.

12           Count Number 2:  Conspiracy to commit money

13  laundering in violation of Title 18 U.S.C. § 1956.  That

14  violation carries a statutory maximum prison sentence of 20

15  years and a statutory maximum fine equal to the greatest of

16  $250,000, twice the gross amount of any pecuniary gain that

17  any persons derived from the offense, and twice the gross

18  amount of any pecuniary loss sustained by the victims of that

19  offense.

20           Under Title 18 U.S.C. 3583, the sentencing judge

21  may require the defendant to serve a term of supervised

22  release for a term of up to three years on that violation.

23           And finally Counts 3 to 6 of the indictment

24  charging interstate transportation of stolen property in

25  violation of Title 18 U.S.C. § 2314.  Those violations each

 1  carry a statutory maximum prison sentence of 10 years and a

 2  statutory maximum fine equal to the greatest of $250,000,

 3  twice the gross amount of any pecuniary gain that any persons

 4  derived from the offense, or twice the gross amount of any

 5  pecuniary loss sustained by any victims of that offense.

 6          Under Title 18 U.S.C. § 3583, the sentencing judge

 7  may require the defendant to serve up to a term of three

 8  years of supervised release on each of those violations.

 9          If the defendant is not a citizen of the United

10  States, conviction of the charged offenses will likely result

11  in him being subjected to immigration proceedings and removal

12  from the United States.  Also the defendant has a right to

13  contact the consulate of that home country regarding these

14  charges.

15          THE COURT:  All right.  I guess we'll -- now that

16  we've gone through Khanna -- Mr. Navin Khanna.

17          Did you hear the charges of potential penalties as

18  outlined by the attorney for the government?

19          DEFENDANT NAVIN KHANNA:  Yes.

20          THE COURT:  Do you understand?

21          DEFENDANT NAVIN KHANNA:  Yes.

22          THE COURT:  And I'll ask you specifically,

23  Mr. Calcagni, I asked as a group in the beginning, you waive

24  identity hearing.  There's no identity issue, is there?

25          MR. CALCAGNI:  Yes, Your Honor, we waive that.

United Corporate and Bankruptcy
|22-mj-12375, November 2, 2022

```
 1              THE COURT:  Okay.  All right.

 2              As to Mr. Tinu Khanna.

 3              MS. GARCES:  Your Honor, before getting to Mr. Tinu

 4   Khanna, the Government would like to address that I

 5   incorrectly stated $250,000 when describing the fine for

 6   Count 2.  That should be $500,000.

 7              THE COURT:  Okay.

 8              Do you understand, Mr. Khanna?  All right.

 9              MS. GARCES:  Thank you.

10              THE COURT:  Okay.  Thank you.

11              MS. GARCES:  Mr. Tinu Khanna, the defendant was

12   indicted on two counts.  The counts are Count 1, conspiracy

13   to transport stolen property interstate in violation of

14   Title 18 U.S.C. § 371.  The violation carries a statutory

15   maximum prison sentence of five years and a statutory maximum

16   fine equal to the greatest of $250,000, twice the gross

17   amount of any pecuniary gain that any persons derived from

18   the offense, or twice the amount of any pecuniary loss

19   sustained by any victims of the offense.

20              Under Title 18 U.S.C. § 3583, the sentencing judge

21   may require the defendant to serve a term of supervised

22   release of no more than three years on that charge.

23              Count 2, conspiracy to commit money laundering in

24   violation of Title 18 U.S.C. § 1956(h).  That violation

25   carries a statutory maximum prison sentence of 20 years and a
```

1    statutory maximum fine equal to the greatest of $5,000, twice

2    the gross amount of any pecuniary gain that any persons

3    derived from the offense, or twice the gross amount of any

4    pecuniary loss sustained by any victims of the offense.

5              Under Title 18, U.S.C. § 3583, the sentencing judge

6    may require the defendant to serve a term of supervised

7    release of no more than three years.

8              It is the Government's understanding that the

9    defendant is not a United States citizen.  As a result, the

10   Government cautions that if the defendant is, indeed, not a

11   citizen of the United States, conviction of the charged

12   offense also likely result in him being subjected to

13   immigration proceedings, and removal from the United States.

14   The defendant has a right to contact the consulate of his

15   home country regarding these charges.

16             THE COURT:  Thank you.

17             Mr. Khanna, Tinu Khanna.  Did you hear the charges

18   and potential penalties as outlined by the Government?

19             DEFENDANT TINU KHANNA:  Yes, sir.

20             THE COURT:  Do you understand?

21             DEFENDANT TINU KHANNA:  Yes.

22             THE COURT:  All right.

23             Mr. Viggiano, identity, no issue?

24             MR. VIGGIANO:  Yes, Judge.

25             THE COURT:  Okay.  Thank you.

1        All right.  As to Mr. Dolan.

2        MS. GARCES:  Thank Your Honor.  Mr. Dolan was

3   indicted on two counts.  Those counts are Count 1 conspiracy

4   to transport stolen appropriate interstate in violation of

5   Title 18 U.S.C. § 371.  That violation carries a statutory

6   maximum prison sentence of five years and a statutory maximum

7   fine equal to the greatest of $250,000, twice the gross

8   amount of any pecuniary gain that any persons derived from

9   the offense, or twice the gross amount of any pecuniary loss

10  sustained by any victims of that offense.

11       Under Title 18 U.S.C. § 3583, the sentencing judge

12  may require the defendant to serve a term of supervised

13  release of not more than three years.

14       Count 5, interstate transportation of stolen

15  property.  That is in violation of Title 18 U.S.C. § 2314.

16  That violation carries a statutory maximum prison sentence of

17  10 years and a statutory maximum fine equal to the greatest

18  of $250,000, twice the gross amount of any pecuniary gain

19  that any persons derived from the offense, or twice the gross

20  amount of any pecuniary loss sustained by any victims of that

21  offense.

22       Under Title 18 U.S.C. § 3583, the sentencing judge

23  may require the defendant to serve a term of supervised

24  release of no more than three years.

25       It is the Government's understanding that the

1  defendant is a United States citizen.  Nevertheless, in an

2  abundance of caution, the Government warns that if the

3  defendant is not a citizen of the United States, conviction

4  of the charged offenses will likely result in him being

5  subjected to immigration proceedings and removal from the

6  United States.  Also if the defendant is, indeed, a citizen

7  of another country, he has the right to contact the consulate

8  of that home country regarding these charges.

9          THE COURT:  Thank you.

10          Mr. Dolan, did you hear the charged and potential

11  penalties as outlined by the attorney for the Government?

12          DEFENDANT DOLAN:  Yes.

13          THE COURT:  Do you understand?

14          DEFENDANT DOLAN:  Yeah.

15          THE COURT:  All right.  And Mr. Calabro, no

16  identity issues?

17          MR. CALABRO:  --

18          THE COURT:  All right.

19          As to Mr. Mo.

20          MS. GARCES:  Thank Your Honor.

21          Mr. Mo was indicted on one count of conspiracy to

22  transport stolen property interstate in violation of

23  Title 18 U.S.C. § 371.  That violation carries a statutory

24  maximum prison sentence of five years and a statutory maximum

25  fine equal to the greatest of $250,000, twice the gross

United States of America v. Ba... (redacted)
|22-mj-12375, November 2, 2022

 1  amount of any pecuniary gain that any persons derived from
 2  the offense, or twice the gross amount of any pecuniary loss
 3  sustained by any victims of the offense.

 4        Under Title 18 U.S.C. § 3583, the sentencing judge
 5  may require the defendant to serve a term of supervised
 6  release of not more than three years on that violation.

 7        It is the Government's understanding that the
 8  defendant is a United States citizen.  Nevertheless, in an
 9  abundance of caution, the Government warns that if the
10  defendant is not a citizen of the United States, conviction
11  of the charged offense will likely result in him being
12  subjected to immigration proceedings and removal from the
13  United States.  Also if the defendant is, indeed, a citizen
14  of another country, he has a right to contact the consulate
15  of that home country regarding this charge.

16        THE COURT:  Mr. Mo, did you hear the charges and
17  the potential penalties as outlined by the attorney for the
18  Government?

19        DEFENDANT MO:  Yes, Your Honor.

20        THE COURT:  Do you understand?

21        DEFENDANT MO:  Yes, Your Honor.

22        THE COURT:  All right.

23        Mr. Wilsey, no identity issue?

24        MR. WILSEY:  Not an issue, Judge.

25        THE COURT:  All right.

United States v. [Appearance and Bail - Mosley]
|22-mj-12375, November 2, 2022

1          As to Mr. Mosley.

2          MS. GARCES:  Thank Your Honor.

3          Mr. Mombly -- Mr. Mosley -- apologies -- was

4   indicted on one count of conspiracy to transport stolen

5   property interstate.  That is in violation of Title 18 U.S.C.

6   § 371.  That violation carries a statutory maximum prison

7   sentence of five years and a statutory maximum fine equal to

8   the greatest of $250,000, twice the gross amount of any

9   pecuniary gain that any persons derived from the offense, or

10  twice the gross amount of any pecuniary loss sustained by any

11  victims of that offense.

12          Under Title 18 U.S.C. § 3583, the sentencing judge

13  may require the defendant to serve a term of supervised

14  release of not more than three years.

15          It is the Government's understanding that the

16  defendant is, indeed, a United States citizen.  Nevertheless,

17  in an abundance of caution, the Government warns that if the

18  defendant is not a citizen of the United States, conviction

19  of the charged offense will likely result in him being

20  subjected to immigration proceedings and removal from the

21  United States.  Also if the defendant is, indeed, a citizen

22  of another country, he has the right to contact the consulate

23  of his home country regarding this charge.

24          THE COURT:  All right.

25          Mr. Mosley, did you hear the charges and potential

1    penalties as outlined by the attorney for the Government?

2              DEFENDANT MOSLEY:  Yes, Your Honor.

3              THE COURT:  Do you understand?

4              DEFENDANT MOSLEY:  Yes, sir.

5              THE COURT:  All right.

6              And, Mr. Jaso, no identity issue?

7              MR. JASO:  None -- Judge.

8              THE COURT:  Okay.

9              And last, Mr. Lakra.

10             MS. GARCES:  Thank Your Honor.

11             Mr. Lakra was indicted on one count of conspiracy

12   to transport stolen property interstate in violation of that

13   Title 18 U.S.C. § 371.  That violation carries a statutory

14   maximum prison sentence of five years and a statutory maximum

15   fine equal to the greatest of $250,000, twice the gross

16   amount of my pecuniary gain that any persons derived from the

17   offense, or twice the gross amount of any pecuniary loss

18   sustained by any victims of the offense.

19             Under Title 18 U.S.C. § 3583, the sentencing judge

20   may require the defendant to serve a term of supervised

21   release of not more than three years.

22             It is the Government's understanding that the

23   defendant is a United States citizen.  Nevertheless, in an

24   abundance of caution, the Government warns that if the

25   defendant is not a citizen of the United States, conviction

1   of the charged offense will likely result in him being

2   subjected to immigration proceedings and removal from the

3   United States.  Also, if the defendant is, indeed, a citizen

4   of another country, he has the right to contact the consulate

5   of his home country regarding this charge.

6           THE COURT:  Thank you.

7           Mr. Lakra, did you hear the charges and potential

8   penalties as outlined by the Government.

9           DEFENDANT LAKRA:  Yes, sir.

10          THE COURT:  You understand?

11          DEFENDANT LAKRA:  --

12          THE COURT:  And, Mr. Cerimele, no identity issue?

13          MR. CERIMELE:  No issues, Judge.

14          THE COURT:  All right.

15          I'm going to address bail or detention, one at a

16  time.  I feel bad that you're all standing up here behind --

17  if -- why don't we take them in order.  We'll start with

18  Mr. Calcagni, you can take the seat up there, and the rest of

19  you can take a seat in the gallery, and we'll call you up one

20  at a time as we address your client's situation.  All right?

21          All right.  So as to Navin Khanna, bail or

22  detention, it's any understanding that the Government is

23  seeking detention.  Is that right?

24          MS. GARCES:  Yes, Your Honor.  On behalf of the

25  Eastern District of California, the Government is seeking

 1  detention.

 2          THE COURT:  And here you'd be seeking detention,

 3  obviously until he had his initial appearance in California,

 4  and then they would figure out for themselves at that point.

 5  Right?

 6          MS. GARCES:  That's correct, Your Honor.

 7          THE COURT:  Well, I'm happy to hear from you, then.

 8          MS. GARCES:  Certainly.

 9          THE COURT:  Ms. Garces.

10          MS. GARCES:  The Government maintains that there is

11  no condition or combination of conditions that would

12  reasonably assure the defendant's appearance.  As alleged in

13  more detail in the indictment, the defendant actively --

14          THE COURT:  We are just arguing risk of flight --

15  right? -- not danger to the community.

16          MS. GARCES:  Yes, Your Honor.  That's correct.

17          THE COURT:  All right.

18          MS. GARCES:  The Government has no reason to

19  believe that he's a danger to the community.

20          THE COURT:  Okay.

21          MS. GARCES:  As alleged in more detail in the

22  indictment, the defendant actively coordinated and was at the

23  heart of the conspiracy to transport the catalytic

24  converters, which he knew to be stolen from California and

25  elsewhere, to New Jersey.  He's also charged with

1  participating in the actual transport of such property.

2           He is the president of DG Auto, which is the

3  company which received approximately $545 million over the

4  course of three years from the conduct alleged in the

5  indictment.  He and co-defendant Tinu Khanna, who is his

6  brother, opened up numerous bank accounts on behalf of the

7  company.  The defendant himself negotiated prices, signed

8  checks, sent invoices, and initiated wire transfers regarding

9  payments for the stolen catalytic converters.

10          Additionally, he also actively participated in the

11  sale of the metals extracted from the stolen converters.

12          The defendant has ties India and became a United

13  States citizen in 2018.  He is facing significant prison

14  time.  In particular, he's facing up to 65 years in prison,

15  thereby increasing the risk of flight.  He also has the

16  financial means and the ability to flee.

17          Based on those reasons, Your Honor, the Government

18  is seeking detention.

19          THE COURT:  Mr. Calcagni?

20          MR. CALCAGNI:  Thank you, Your Honor.  I understand

21  that the Government's request for remand and, I suppose,

22  supports extradition to California is being driven by the

23  Eastern District of California, which I presume doesn't have

24  all the information about Mr. Khanna that Pretrial Services

25  surfaced and provided to us.

Initial Appearance and Bail Hearing
|22-mj-12375, November 2, 2022

1          He is a U.S. citizen, Your Honor, and he's a

2   long-time New Jersey resident.  He's been here since 2008.

3   Before that, he lived in Pennsylvania.  His entire immediate

4   family is here.  They live with him.  And that includes a

5   10-year-old son.  It's indicated a daughter here in the

6   Pretrial Services report, but it's a son, who has special

7   needs.

8          Also living with Mr. Khanna is his elderly parents,

9   including his father who's legally blind.  Mr. Khanna is a

10  primary caregiver for both of those family members.

11         Your Honor, he only had a U.S. passport, which has

12  already been surrendered to the Government.  There is no

13  Indian passport.  When he renounced his citizenship back in

14  2018, so too went his passport.  He no longer holds it.  So

15  the only passport we're talking about is a U.S. passport.

16  And that's already been surrendered.

17         There's no indication of mental health concerns or

18  substance abuse, Your Honor, as indicated by Pretrial

19  Services.

20         And there's virtually no criminal history here,

21  Your Honor, with the exception of a third-degree charge eight

22  years ago out of Hamilton municipal court that was eventually

23  dismissed, Your Honor.

24         So for all these reasons, we agree with Pretrial

25  Services in their recommendation that an unsecured appearance

1    bond is warranted here.

2          We have no objection to any of Pretrial's proposed

3    conditions of release either, Your Honor.

4          THE COURT:  All right.  Thank you, Mr. Calcagni.

5          Another further, Ms. Garces?

6          MS. GARCES:  No, Your Honor.  Nothing from the

7    Government, thank you.

8          THE COURT:  All right.  Look, I understand that the

9    potential scope of this conspiracy is rather large, that

10   there's a great deal of money involved.  I understand that

11   the plaintiff [sic] has ties overseas and that he has a great

12   deal of exposure and, perhaps, the financial wherewithal to

13   flee.  But that's, in my estimation, not enough.  I mean,

14   there's a lot of people who have financial wherewithal to

15   flee and are facing a lot of exposure, but I think that that,

16   frankly, in this case is counterbalanced by the things that

17   Mr. Calcagni pointed out.  Mr. Khanna's a U.S. citizen.  He's

18   been here for quite a while.  His entire immediate family is

19   here.  He's got a special needs son.  He's got a blind

20   father.  He's got, I think, overwhelming reasons to stay.

21   And he's got to understand that if he were to try to flee,

22   he's only compounding his problems dramatically from what

23   they are now.

24          I think it would be an extremely foolish move on

25   his part to flee.  And I don't think that he has -- that all

1   of his incentives would be in that direction anyway.  I think

2   he has some -- he has enough ties in this country and enough

3   reasons to stay that I'm compelled to find that he should be

4   released on conditions.  This case is bailable.  There's no

5   danger to the community that I can see, and the Government is

6   not arguing danger to the community.  There is a risk of

7   flight.  But I don't see that the risk of flight is great

8   enough here to warrant detention.

9           I think that Pretrial Services does have it right.

10  I think that the conditions that they've recommended are

11  appropriate in this circumstance.

12          And therefore, Mr. Khanna, I am going to release

13  you on a $500,000 unsecured appearance bond that's to be

14  co-signed by an individual to be approved by Pretrial

15  Services by November 11th, 2022.

16          The following conditions will also apply to your

17  release.

18          You're to submit to Pretrial Services supervision.

19          You are to surrender all passports and travel

20  documents; not to apply for new travel documents.  Any

21  passport or travel documents that you have now are to be

22  surrendered to Pretrial Services within 24 hours of release,

23  if they haven't already been surrendered.

24          Your travel will be restricted to New Jersey and

25  the Eastern District of California for court purposes unless

1    otherwise approved by Pretrial Services.

2            You're to maintain your current residence or a

3    residence approved by Pretrial Services.

4            You're to maintain or actively seek employment.

5            You're to have to no contact with the following

6    individuals -- co-defendants and co-conspirators -- unless in

7    the presence of counsel with the exception of your brother

8    Tinu Khanna.  And you may not discuss the case even with your

9    brother unless you're in the presence of counsel.

10           You're not to engage in the business of buying,

11   selling, transporting, or processing catalytic converters,

12   including whole catalytic converters, catalytic cores,

13   catalytic brick, or precious metal powders extracted from

14   catalytic converters.

15           And you are to appear -- most importantly, you're

16   to appear at all future court hearings in the Eastern

17   District of California.

18           Mr. Khanna, the Government wants you detained.  I'm

19   releasing you.  It would be a grave mistake to not show up to

20   your court appearances in the Eastern District of California

21   and -- or to not comply with the other conditions of release

22   that I have imposed.  You'll create far more problems for

23   yourself than you will solve, and you'll, frankly, I think,

24   let your family down in a big way.  So I expect strict

25   adherence with these conditions.

1          Do you understand?

2          DEFENDANT NAVIN KHANNA:  Yes, sir.

3          THE COURT:  All right.

4          With that, we'll move on to second defendant, Tinu

5    Khanna.

6          Ms. Garces, I understand as to Tinu Khanna, you are

7    also seeking detention.  Is that right?

8          MS. GARCES:  Yes, Your Honor.  That is accurate,

9    based on the risk of flight.

10          THE COURT:  Pardon?

11          MS. GARCES:  Yes, Your Honor.  That is accurate,

12    also based on a risk of flight.

13          THE COURT:  Okay.  Thank you.

14          Well, I'd be happy again to hear from you first.

15          MS. GARCES:  Thank Your Honor.  On behalf of the

16    U.S. Attorney's Office for the Eastern District of

17    California, the Government will be seeking detention.  The

18    Government maintains that there exists no condition or

19    combination of conditions that would reasonably assure the

20    defendant's appearance in court.  As alleged in more detail

21    in the indictment, the defendant actively coordinated and was

22    at the heart of the conspiracy to transport catalytic

23    converters which he knew to be stolen from California and

24    elsewhere to New Jersey.  He and co-defendant Navin Khanna,

25    who is his brother, opened up numerous bank accounts on

Case 2:22-cr-00213-KJM   Document 79-1   Filed 12/14/22   Page 32 of 50
Cornelius Appearance and Bail Proceeding
|22-mj-12375, November 2, 2022

31

```
 1   behalf of DG Auto.  He also actively participated and
 2   purchased stolen catalytic converters, sent payments for
 3   those converters and actively participated in the sale of the
 4   metals extracted from those stolen converters.
 5           The defendant is facing a significant amount of
 6   prison time.  In particular, he's facing up to 25 years in
 7   prison, thereby increasing the risk of flight.  He is not a
 8   United States citizen and has ties to India.  My
 9   understanding is that he has applied for status under DACA,
10   the Deferred Action For Childhood Arrivals.
11           Notably, he has the financial means and ability to
12   flee.  DG Auto accounts, which he has control, received
13   approximately $545 million over the course of three years
14   from the conduct alleged in the indictment, Your Honor.
15           For those reasons, we ask that he be detained.
16           THE COURT:  All right.  Thank you, Ms. Garces.
17           MS. GARCES:  Thank you.
18           THE COURT:  Mr. Viggiano?
19           MR. VIGGIANO:  Thank you, Judge.
20           Judge, my client immigrated to the United States in
21   2000 with his entire family.  His mother, his father, and his
22   brother.  They all --
23           THE COURT:  How old is your client?
24           MR. VIGGIANO:  I'm sorry, Your Honor?
25           THE COURT:  How old is your client?
```

Case 2:22-cr-00213-KJM   Document 79-1   Filed 12/14/22   Page 33 of 50
United States of America v. Bansari Khanna                                      32
|22-mj-12375, November 2, 2022

 1              MR. VIGGIANO:  35 years old, Judge.

 2              THE COURT:  Okay.  So a young teenager when he came

 3    to the United States.

 4              MR. VIGGIANO:  Correct, Judge.

 5              They all reside in the same house together.

 6    They've all resided in Monmouth County for the last 20 years,

 7    throughout Monmouth County, Tinton Falls.  They've now

 8    settled in Holmdel, where they all reside together.

 9              Judge, he is actively pursuing U.S. citizenship.

10    He has a valid work visa, which I believe is valid until

11    2024.

12              He is looking forward to going out to California

13    and clearing his name of these charges.

14              And there are conditions that would secure his

15    appearance there.  And Pretrial Services, who's in the best

16    position to put together those conditions, seeing as how they

17    will be monitoring Mr. Khanna, has done so.  They have the

18    following conditions:  A $500,000 unsecured appearance bond,

19    as well as the other conditions that you've read out to

20    Mr. Khanna's brother.

21              Those conditions in and of itself are more than

22    enough to assure his appearance.  He has no history of flight

23    whatsoever.  He has no criminal history whatsoever, Judge.

24    And his travel has been limited for vacation purposes only.

25    He has no passport at this time.  His India passport has been

 1   turned over to the consulate during this time.  DACA has very

 2   strict rules about leaving the country.  He's not allowed to

 3   leave the United States.  Therefore, he has no passport to

 4   leave the United States.

 5          For these reasons, Judge, I think the conditions

 6   set forth by Pretrial Services are more than enough to assure

 7   his appearance in California.

 8          THE COURT:  All right.  Thank you, Mr. Viggiano.

 9          Anything further, Ms. Garces?

10          MS. GARCES:  No, Your Honor.  Thank you.

11          THE COURT:  All right.  Thank you.

12          Again, we're talking about risk of flight.  We

13   don't have a danger to the community that I perceive or that

14   either side apparently perceives with this defendant,

15   Mr. Khanna.

16          I understand the Government's argument that, you

17   know, there is a great deal of exposure here, 25 years, but

18   not nearly as much as with Navin Khanna.

19          One concern for the Court is that Mr. Tinu Khanna

20   is not a U.S. citizen.  But I think that concern is

21   counterbalanced by the fact that he came to the United States

22   as a young teenager.  I imagine if Mr. Khanna saw fit to

23   flee, he would be at sea.  He wouldn't know where to go,

24   wouldn't have any obvious place for refuge.

25          It seems to me that virtually all of his ties at

 1  this point are with the United States; virtually all of his

 2  familial ties are with this district.  I don't know that --

 3  again, I fully understand that the Government's argument that

 4  there's a lot of exposure and there's money that the

 5  defendant may have access to to facilitate flight.  But I

 6  think the reasons for Mr. Khanna not to flee overwhelms

 7  reasons why he might be inclined to flee.  And for that

 8  reason, I simply don't think that he's a risk of flight

 9  sufficient to warrant detention in this case.

10          I think that Pretrial Services, again, has it

11  right.  They -- you know, they've done the investigation.

12  They've -- and I think that they've given good reasons for

13  why they've recommended the release terms that they have

14  recommended.  And I'm going to adopt those release terms for

15  Mr. Khanna.

16          So, Mr. Khanna -- this is Mr. Tinu Khanna.

17          DEFENDANT TINU KHANNA:  Yes.

18          THE COURT:  I'm going to release you on a $500,000

19  unsecured appearance bond to be co-signed by an individual to

20  be approved by Pretrial Services by November 11th, 2022.

21          The following conditions will also apply to your

22  release.

23          You're submit to Pretrial Services supervision.

24          You're to surrender all passports and travel

25  documents.  You're not to apply for new travel documents.

|22-mj-12375, November 2, 2022

1   Your passport and/or travel documents are to be surrendered

2   to Pretrial Services within 24 hours of release, if they

3   haven't already been surrendered.  Your travel will be

4   restricted to New Jersey in the Eastern District of

5   California for court purposes unless otherwise approves by

6   Pretrial Services.

7           You're to maintain your current residence or

8   residence approved by Pretrial Services.

9           You're to maintain or actively seek employment.

10          You're to have no contact with the following

11  individuals -- co-defendants and co-conspirators -- unless in

12  the presence of counsel with the exception of your brother

13  Navin Khanna.  You may not discuss the case with your brother

14  or with anyone unless in the presence of counsel.

15          You're not to engage in the business of buying,

16  selling, transporting or processing catalytic converters,

17  including whole catalytic converters, catalytic cores,

18  catalytic brick, or precious metal powders extracted from

19  catalytic converters.

20          You're to appear at all future court hearings in

21  the Eastern District of California.

22          And you're to comply with any and all future

23  immigration and customs enforcement proceedings.

24          And, Mr. Khanna, same thing I told your brother:

25  Fleeing would be bad idea.  I'm releasing you because I don't

```
 1   think you're a risk of flight, but you'll be buying yourself

 2   a peck of problems if you were to do that.  I expect that you

 3   will scrupulously adhere to the conditions of release that

 4   we've set forth today.

 5           Do you understand?

 6           DEFENDANT TINU KHANNA:  Yes.

 7           THE COURT:  All right.  Thank you.

 8           MALE SPEAKER:  Judge, is the Court aware of initial

 9   appearance date for California?

10           THE COURT:  I do not think -- I am not aware -- are

11   you aware, Ms. Garces?

12           MS. GARCES:  Your Honor, at this point, the

13   Government is not aware either, but we will make sure to

14   promptly inform defense counsel of any information we

15   receive.

16           THE COURT:  Okay.  Thank you.

17           MALE SPEAKER:  Thank you, Judge.  It was nice

18   seeing you in person.

19           THE COURT:  All right.

20           With respect to Mr. Dolan.

21           DEFENDANT DOLAN:  Yes, Judge.

22           THE COURT:  I do have a recommendation of release

23   from Pretrial Services for Mr. Dolan.

24           My understanding is that neither party has an

25   objection to that, those conditions of release.
```

1              Is that right, Ms. Garces?

2              MS. GARCES:  Yes, Your Honor.  That's accurate.

3              THE COURT:  Is that right, Mr. Calabro?

4              MR. CALABRO:  It is.

5              THE COURT:  Okay.  Well, I have reviewed the

6   Pretrial Services report and the conditions of release, and I

7   think that they are appropriate in this case as well for

8   Mr. Dolan.

9              So, Mr. Dolan, we're going to release you on a

10  $200,000 unsecured appearance bond.  The following conditions

11  will also apply to your release.

12             You're to submit to Pretrial Services supervision.

13             You're to surrender all passports and travel

14  documents and not to apply for new travel documents.  Your

15  passport and/or travel documents are to be surrendered to

16  Pretrial Services within 24 hours of release.

17             Your travel will be restricted to New Jersey and

18  the Eastern District of California for court purposes unless

19  otherwise approved by Pretrial Services.

20             You're to submit to substance abuse testing and/or

21  treatment as directed by Pretrial Services.

22             You're to submit to mental health testing and/or

23  treatment, if directed by Pretrial Services.

24             You're to maintain current -- your current

25  residence or a residence approved by Pretrial Services.

 1              You are to maintain or actively seek employment.

 2    You are to have no contact with the following individuals --

 3    co-defendants and co-conspirators -- unless in the presence

 4    of counsel.

 5              You're not to engage in the business of buying,

 6    selling, transporting, or processing catalytic converters,

 7    including whole catalytic converters, catalytic cores,

 8    catalytic brick, or precious metal powders extracted from

 9    catalytic converters.

10              You're to appear at all future court hearings in

11    the Eastern District of California.  And you are to comply

12    with any and all outstanding court matters.

13              Do you understand these terms of release?

14              DEFENDANT DOLAN:  Yes, sir.

15              THE COURT:  All right.  And we do expect strict

16    adherence to them.  If you do not adhere to them, you may

17    find yourself on the receiving end of a petition for

18    modification and you'll find your liberty further curtails.

19              Do you understand?

20              DEFENDANT DOLAN:  Yeah.

21              THE COURT:  All right.

22              MALE SPEAKER:  I could go?

23              THE COURT:  All right.  With Mr. Dolan, that's it.

24              How about next, Mr. Mo?

25              All right.  With Mr. Mo, I understand that we have

1    a -- well, we do have a set of conditions recommended --

2    conditions of release recommended by Pretrial Services.  My

3    understanding is that both parties are in agreement that

4    that's acceptable.

5                 Is that right, Ms. Garces?

6                 MS. GARCES:  Yes, Your Honor.  That is accurate.

7                 THE COURT:  Is that right, Mr. Wilsey?

8                 MR. WILSEY:  It is, except I want to bring

9    something to the Court's attention, and I hope I am not

10   snatching defeat from the jaws of victory.

11                THE COURT:  Go ahead.

12                MR. WILSEY:  It's my understanding that Mr. Mo's

13   present employer is different than the entity named in the

14   indictment but is owned or controlled by the two brothers who

15   operate the entity that's named or identified in the

16   indictment.

17                So I don't know what Pretrial Services wants to do,

18   whether or not they want him to sever his employment

19   relationship or modify the condition that he can't have any

20   contact with any of his co-conspirators.

21                THE COURT:  Give us a second.  All right?

22                Mr. Wilsey, I appreciate you bringing that to our

23   attention.  The intention, I think, of Pretrial Services and,

24   frankly -- this gives me an opportunity to clarify it for

25   everybody here, frankly, is when we don't want to have

1  contact between co-conspirators in this case, it would

2  include severing ties when it comes to that kind of

3  employment.  You're going to have to look for some other

4  employment and not work for a company that's owned by one of

5  your co-conspirators.

6         The intention was that that would be included -- of

7  that that would be subsumed as after that condition that --

8  that you don't have contact with your co-defendant or

9  co-conspirator.

10         So that serves as a clarification that's helpful,

11  that's the intention behind it.  All right?

12         MR. WILSEY:  Okay.  It does, and Mr. Mo agrees to

13  that condition, that he will sever his employment

14  relationship --

15         THE COURT:  Yes.

16         MR. WILSEY:  -- with co-defendants.

17         THE COURT:  Okay.

18         All right.  Well, then, Mr. Mo, we're going to

19  release you on a $200,000 unsecured appearance bond.  The

20  follow conditions will also apply to your release.

21         You're to submit to Pretrial Services supervision.

22         You're to surrender all passports and travel

23  documents and not to apply for new travel documents.  Your

24  passport and/or travel documents are to be surrendered to

25  Pretrial Services within 24 hours of release to the extent

1    they haven't been surrendered already.  Your travel will be

2    restricted to the New Jersey and the Eastern District of

3    California for court purposes unless otherwise approved by

4    Pretrial Services.

5         You're to maintain your current residence of a

6    residence approved by Pretrial Services.

7         You're to maintain or actively seek employment.

8         You're not to have no contact with the following

9    individuals -- co-defendants and co-conspirators -- unless in

10   the presence of counsel.  And that, as we've clarified, means

11   no employment with your co-conspirators or co-defendants.

12        You're not to engage in the business of buying,

13   selling, transporting, or processing catalytic converters,

14   including whole catalytic converters, catalytic cores,

15   catalytic brick, or precious metal powders extracted from

16   catalytic converters.

17        You're to surrender and not to possess any

18   firearms.  All firearms in any home in which you reside shall

19   be removed in compliance with New Jersey state law within 24

20   hours and verification provided to Pretrial Services.

21        You shall also surrender all firearm purchaser's

22   identification cards and permits to Pretrial Services.

23        And you are to appear at all future court hearings

24   in the Eastern District of California.

25        Do you understand these conditions of release,

1  Mr. Mo?

2            DEFENDANT MO:  I do.

3            THE COURT:  All right.  And we do expect scrupulous

4  adherence to them, particularly with respect to the

5  appearance in California for address the charges.  All right?

6            DEFENDANT MO:  Understood.

7            THE COURT:  All right.

8            Next we have Wright Louis Mosley.

9            Again, I have a set of conditions of release

10  recommended by Pretrial Services.  It's my understanding that

11  they are acceptable to the Government and to the defendant.

12            Is that right, Ms. Garces?

13            MS. GARCES:  Yes, Your Honor.  That is correct.

14            THE COURT:  Is that right, Mr. Jaso?

15            MR. JASO:  Yes, Your Honor, although there might be

16  some issue with the employer as there was with the last

17  defendant.  If I might confer with my client very briefly?

18            THE COURT:  Sure.

19            MR. JASO:  Thank you.

20            Yeah, apparently, we have the same issue,

21  Your Honor.

22            THE COURT:  All right.  And I would deal with it

23  the same way.  All right?  Mr. Jaso?

24            MR. JASO:  Thank you.

25            THE COURT:  All right.

1          Well, then, Mr. Mosley, we are going to release you

2   on a $250,000 unsecured appearance bond.  And the following

3   conditions will apply to your release.

4          You're to submit to Pretrial Services supervision.

5          You shall be released into the third-party

6   custodian of a responsible individual preapproved by Pretrial

7   Services by November 11th, 2022.

8          You are to surrender all passports and travel

9   documents and not to apply for new travel documents.  Your

10  travel will be restricted to New Jersey, the Eastern District

11  of California for court purposes unless otherwise approved by

12  Pretrial Services.

13         You're to submit to substance abuse testing and/or

14  treatment as directed by Pretrial Services.

15         You are to maintain your current residence or a

16  residence approved by Pretrial Services.

17         You are to maintain or actively seek employment.

18         You are to have no contact with the following

19  individuals -- your co-defendants and co-conspirators --

20  unless in the presence of counsel.  And that means with

21  respect to employment; you're to sever employment ties with

22  any co-defendants or co-conspirators.

23         You're not to engage in the business of buying,

24  selling, transporting, or processing catalytic converters,

25  including whole catalytic converters, catalytic cores,

1   catalytic brick, or precious metal powders extracted from

2   catalytic converters.

3           You are to surrender and not to possess any

4   firearms.  All firearms in any home in which you reside shall

5   be removed in compliance with New Jersey state law within 24

6   hours and verification provided to Pretrial Services.

7           You shall also surrender all firearm purchasers

8   identification card -- permits and cards to Pretrial

9   Services.

10          And you are to appear at all future court

11  proceedings in the Eastern District of California.

12          Do you understand these conditions of release,

13  Mr. Mosley?

14          DEFENDANT MOSLEY:  Yes, I do, Your Honor.

15          THE COURT:  All right.  And I do expect that you

16  will adhere to them, particularly the condition that you've

17  got to appear timely in California.  All right?

18          DEFENDANT MOSLEY:  Yes, Your Honor.

19          THE COURT:  All right.

20          Last defendant is Mr. Lakra.  And, again I have

21  conditions of release recommended by Pretrial Services, and

22  it is my understanding that there no objection to those

23  conditions from the Government or from defendant.

24          Is that right, Ms. Garces?

25          MS. GARCES:  Yes, Your Honor.

1                THE COURT:  Is that right, Mr. Cerimele?

2                MR. CERIMELE:  That's correct, Judge.

3                THE COURT:  All right, then.

4                Mr. Lakra, we're going do release you on a $200,000

5      unsecured appearance bond to be co-signed by an individual to

6      be approved by Pretrial Services by November 11, 2022.

7                The following conditions will also apply to your

8      release.

9                You're to submit to Pretrial Services supervision.

10               You're to surrender all passports and travel

11     documents.  You're not to apply for new travel documents.

12     And your passport and/or travel documents are to be

13     surrendered to Pretrial Services within 24 hours of release,

14     to the extent they haven't been surrendered already.

15               Your travel will be restricted to New Jersey and

16     the Eastern District of California for court purposes unless

17     otherwise approved by Pretrial Services.

18               You're to submit to substance testing and/or

19     treatment as directed by Pretrial Services.

20               You're to maintain your current residence of a

21     residence approved by Pretrial Services.

22               You're to maintain or actively seek employment.

23               You're to have no contact with the following

24     individuals -- co-defendants and co-conspirators -- unless in

25     the presence of counsel, and that would include severing

 1   employment ties with any co-defendants or co-conspirators.

 2           You're not to engage in the business of buying,

 3   selling, transporting, or processing catalytic converters,

 4   including whole catalytic converters, catalytic cores,

 5   catalytic brick, or precious metal powders extracted from

 6   catalytic converters.

 7           You are to appear at all future court hearings in

 8   the Eastern District of California.

 9           And you are to comply with any and all future

10   immigration and customs enforcement proceedings.

11           Do you understand these terms of release,

12   Mr. Lakra?

13           DEFENDANT LAKRA:  Yes, sir.

14           THE COURT:  Okay.  And I do expect that you will

15   comply scrupulously, particularly with respect to the

16   appearance in California for -- to face the charges in the

17   indictment.

18           With that, I do have to issue an oral order

19   confirming that the United States has an obligation to timely

20   disclose Brady information to the defendants.  I remind

21   Government counsel that failure to comply with these

22   disclosure obligations may result in consequences, such as

23   the exclusion of evidence, dismissal of charges, contempt

24   proceedings, disciplinary referral, and any other relief

25   authorized by law.

1          I will enter a written order further confirming

2    these obligations.

3          With that, is there anything further from the

4    Government, Ms. Garces?

5          MS. GARCES:  Your Honor, I believe we did address

6    the employment severance specially with Mr. Dolan.  If

7    Your Honor wouldn't mind addressing that with the defendant.

8          THE COURT:  All right.  Well, I thought I had

9    clarified when Mr. Wilsey was up.

10         What we meant by then having no contact with your

11   co-defendants or your co-conspirators is severing ties with

12   them.  And that would include severing employment ties with

13   them.

14         Do you understand, Mr. Dolan?

15         DEFENDANT DOLAN:  Yes.

16         THE COURT:  Okay.

17         So that -- I -- the intention of the Court and the

18   intention of the condition as drafted by Pretrial Services

19   was to include that particular limitation.

20         With that, anything further, Ms. Garces?

21         MS. GARCES:  No, Your Honor.  Thank you.

22         THE COURT:  Okay.  Thank you.

23         Anything further, Mr. Calcagni?

24         MR. CALCAGNI:  Nothing further, Your Honor.  Thank

25   you.

Initial Appearance and Bail Hearing
|22-mj-12375, November 2, 2022

```
 1              THE COURT:  All right.

 2              Anything further, Mr. Viggiano?

 3              FEMALE SPEAKER:  --

 4              THE COURT:  Okay.

 5              Anything further -- well, I guess anything further

 6   from any defense counsel?

 7              UNIDENTIFIED SPEAKERS:  No, Your Honor.

 8              THE COURT:  Okay.  Well, have a good, then, folks.

 9   We're adjourned.

10                      (Conclusion of proceedings)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                           Certification

2          I, SARA L. KERN, Transcriptionist, do hereby certify

3     that the 49 pages contained herein constitute a full, true,

4     and accurate transcript from the official electronic

5     recording of the proceedings had in the above-entitled

6     matter; that research was performed on the spelling of proper

7     names and utilizing the information provided, but that in

8     many cases the spellings were educated guesses; that the

9     transcript was prepared by me or under my direction and was

10    done to the best of my skill and ability.

11         I further certify that I am in no way related to any of

12    the parties hereto nor am I in any way interested in the

13    outcome hereof.

14

15

16

17

18    S/  Sara L. Kern                    14th of November, 2022
      _____    _____
19    Signature of Approved Transcriber              Date

20

21
      Sara L. Kern, CET**D-338
22    King Transcription Services
      3 South Corporate Drive, Suite 203
23    Riverdale, NJ  07457
      (973) 237-6080
24

25
```