EISNER GORIN LLP
ALAN EISNER, CA State Bar # 127119
16000 Ventura Blvd., Suite 1000
Encino, CA 91436
Phone: 818-781-1570
Email: alan@egattorneys.com

Attorney for Defendant,
NAVIN KHANNA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 22-213-KJM |
| Plaintiff, | **DEFENDANT NAVIN KHANNA'S MOTION FOR BOND** |
| vs. | Hearing Date: December 19, 2022 |
| NAVIN KHANNA, | Before the Honorable Kimberly J. Mueller |
| Defendant. | |

TO THE HONORABLE KIMBERLY J. MUELLER, CHIEF UNITED STATES DISTRICT JUDGE, AND TO THE UNITED STATES ATTORNEY'S OFFICE:

    Defendant Navin Khanna, by and through his counsel of record Alan Eisner, hereby submits his motion for bond.  A combination of conditions, including provision of sufficient sureties, can adequately ensure Defendant's appearance at future court dates and protect the public.

                                                 Respectfully submitted,

                                                 EISNER GORIN LLP

Dated: December 14, 2022        /S/ ALAN EISNER

                                                 ALAN EISNER
                                                 Attorney for Defendant
                                                 NAVIN KHANNA

## I.  INTRODUCTION

Defendant Navin Khanna is charged in indictments out of the Eastern District of California and the District of Oklahoma with theft and financial crimes including conspiracy, receipt of stolen goods, and conspiracy to commit money laundering.  The entirety of the charged conduct is non-violent.  Defendant's prior criminal record consists of a 2014 arrest which appears to have resulted in a dismissal and a 2015 arrest which resulted in a $108 fine.  Defendant has never served jail or prison time.

New Jersey Magistrate Judge James B. Clark twice heard the Government's request for detention on the California indictment, and twice rejected it.  New Jersey Magistrate Judge Edward S. Kiel then heard the Government's request for detention on the Oklahoma indictment, which presents identical bail considerations to the California Indictment, and rejected it. This Court should likewise, again, reject this request for detention and set bail.

## II.  PROCEDURAL HISTORY

On November 2, 2022, Defendant made his initial appearance with counsel before the Honorable Magistrate Judge James B. Clark.  (D.N.J. Case 2:22-mj-12375-JBC-1, Dkt. 1-4.)  Later the same day, Government counsel contacted Defendant's New Jersey defense counsel, Mr. Calcagni, and advised that his colleagues in the Eastern District of California had requested that he ask for a stay of the order allowing Defendant's release and that he had erred by failing to request a stay.  (Declaration of Thomas R. Calcagni at ¶ 4.)  Mr. Calcagni agreed to participate virtually in a second hearing at which the Government requested a stay from Judge Clark.  (Ibid.)  Judge Clark denied the request.  (Id. at ¶ 5.)

The Government sought detention on grounds of flight only, stating that "…The Government has no reason to believe that [Defendant Navin Khanna] is a danger to the community." (See Dkt. 79-1 at p. 24.)

On November 3, 2022, the Government filed a "Motion to Stay District of New Jersey Release Order," and a separate "Motion to Revoke District of New Jersey Release

2

Order," in the Eastern District of California. (E.D. Cal. Case 2:22-cr-213-KJM, Dkts. 16 and 17.) This Court signed the Government's proposed order on the motion for stay on November 3, 2022, at which time the release order had already been executed and Defendant was out of custody. (Dkt. 22.) Concerningly, the Government failed to disclose to this Court that it had untimely requested, and been denied, a stay of the release order by the New Jersey court. On November 9, 2022, Defendant was re-arrested at his home on a warrant out of the Eastern District of California. (Declaration at ¶ 7.)

On November 10, 2022, Defendant made an initial appearance in the District of New Jersey on the Oklahoma indictment. (N.D. Okla. Case No. 4:22-cr-00348-GKF.) The hearing was continued to November 16, 2022 at which time the Hon. Magistrate Judge Edward S. Kiel released Defendant on bond with conditions. (See Id. at Dkt. 107, pp. 7-8.) In this case, the Government made a timely request for a stay, which was granted. (Id. at p. 8; Dkt. 108.)

Defendant has remained in custody without a bond hearing since November 16, 2022 despite two courts, on three separate occasions, finding that bond is appropriate over the Government's objection. Based on the nature of the charged conduct and Defendant's proposed sureties, this Court should also find that bond with conditions is sufficient to ensure Defendant's future appearance and protect the public.

### III. CONDITIONS SHORT OF DETENTION ARE MORE THAN SUFFICIENT TO ADDRESS FLIGHT OR DANGER CONCERNS

**A.   Defendant poses no appreciable risk of flight and any remaining concern for his return to court can be addressed through reasonable pretrial release conditions**

Defendant has strong ties to the United States. Defendant, his wife of 11 years, and his 10-year-old son reside in New Jersey. His parents and two brothers, with whom he has frequent contact, also live in New Jersey. Defendant is a United States citizen. While he was previously a passport holder, defense counsel is informed that his passport

3

was seized by federal law enforcement at the time of his arrest.  Defendant's passport should remain in law enforcement custody and he should be ordered not to attempt to obtain any new international travel documentation while on pretrial release.

The Government has seized all, or nearly all, of Defendant's financial assets. There is no evidence that he possesses large amounts of cash or other means to facilitate flight from the country, even if he was inclined to leave behind his entire family and livelihood to do so.

Defendant respectfully suggests that other conditions of pretrial release directed at possible risk of flight would include electronic monitoring, restricting travel to the District of New Jersey and the districts in which Defendant is charged, and then only for required court appearances, and regular check-ins with pretrial services.

**B.     Defendant poses no risk to public safety**

Defendant is charged with economic crimes.  While the Government in its revocation motion raises the specter of gang violence, Defendant is not accused of committing any act of violence.  (E.D. Cal. Case 2:22-cr-213-KJM, Dkts. 17 at 5-6.) The Government's argument appears to be that by facilitating a market in stolen catalytic converters, Defendant has indirectly inspired others to engage in dangerous or violent behavior to acquire converters.  While it is likely an exaggeration to suggest that Defendant's detention will alleviate all crime nationwide related to catalytic converter theft, any danger posed by Defendant's involvement in this market is properly addressed by a pretrial release condition barring him from trading in, purchasing, selling, or possessing catalytic converters.

Defendant has no prior violent criminal history whatsoever.  His arrest history consists of a 2014 arrest regarding a business dispute over scrap metal which did not result in a conviction and a 2015 theft arrest for which Defendant paid a $108 fine. There is no evidence that he threatened, used force against, or harmed any person in either of the prior incidents or in the charged offenses.

### C. Defendant can offer sufficient sureties

Defendant proposes the following sureties to secure his release:[1]

1. Mr. Michael Khanna offers his home on Wyckoff Road in Eatontown, New Jersey, which has an estimated equity of $300,000 as collateral;
2. Mr. Kamaljit Badwal offers a $100,000 signature bond;
3. Ms. Sapna Jolly offers a $100,000 signature bond;
4. Mr. Gagan Kharbanda offers a $100,000 signature bond;
5. Mr. Jay Shayne offers a $100,000 signature bond;
6. Ms. Stephanie Masters offers a $100,000 signature bond;
7. Mr. Rob Shayne offers a $100,000 signature bond;
8. Ms. Anita Khanna offers a $50,000 signature bond; and
9. Mr. Nirmal Khanna offers a $50,000 signature bond.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court release him on bond with conditions including electronic monitoring, travel restrictions, surrender of any passports or other travel documents, and provision of sufficient sureties.

Respectfully submitted,

EISNER GORIN LLP

Dated: December 14, 2022         /S/ ALAN EISNER
                                 ALAN EISNER
                                 Attorney for Defendant
                                 NAVIN KHANNA

---

[1] Documents containing personal identifying information of the sureties including photo ID's, paystubs, etc. will be provided to the Court and counsel but are omitted from this public filing to protect their privacy.

5