

Alan Eisner, Esq.* **
Dmitry Gorin, Esq.* **
Robert Hill, Esq.

* Professional Corporation
** Certified Specialist, Criminal Law
 State Bar of California, Board of Legal Specialization

16000 Ventura Boulevard
Suite 1000
Encino, California 91436
T 818.781.1570
F 818.617.2615

1999 Avenue of the Stars
11th Floor
Century City, CA 90067
T 310.328.3776

www.EGattorneys.com

January 13, 2023

Hon. Kimberly J. Mueller
Chief United States District Judge

Re:   United States v. Navin Khanna (22-CR-00213-KJM-1)
         Update re: Bond and Sureties

Dear Chief Judge Mueller:

At the bond hearing on January 10, 2023, the Court invited the parties to bring to its attention additional authorities regarding several issues relevant to its bond determination. I respectfully provide this letter to address those issues, as well as to update the Court regarding surety Kamaljit Badwal, defendants' brother-in-law, who now desires to tender his home as collateral to support the bond in this case.

1.   Relevance of Encumbrance on Government's Ability to Collect on Its Lien

Defense counsel understood the government to be concerned that it might be unable to protect its lien interest in the home on Wyckoff Road offered by Mr. Michael Khanna due to a pre-existing lien on that property, notwithstanding the approximately $300,000 in unencumbered equity Mr. Khanna has in that property. The identical concern was considered, and rejected, as a basis to reject an encumbered property as collateral in *United States v. Frazier*, 772 F.2d 1451 (9th Cir. 1985).

In *Frazier*, "the district judge was concerned about whether the government could protect its lien interest if prior lienholders foreclose on the [sureties'] real property." *Id*. at 1452. The district judge therefore ordered that Frazier be released only upon a bond secured by unencumbered property. *Ibid*. In a *per curiam* opinion, the Ninth Circuit found that the district judge erred in imposing this requirement, reasoning that "this concern over the government's property interest is simply a matter among creditors; it does not, by itself, affect the deterrent effect on Frazier. Since the Bail Reform Act of 1984 nowhere authorizes consideration of the government's ability to collect on security, this concern is not a proper basis for imposing a further restrictive condition on Frazier's release." *Id*. at 1453.

Defendant submits there is no reason to believe the deterrent effect against him will be diminished in any way by the government's lien being subordinated to a primary lienholder, particularly where the equity in the home far exceeds the amount of the primary lien. *Frazier* forecloses the argument that the government's hypothetical difficulty in collecting on its lien interest is a basis for rejecting the collateral.

2.     Non-citizen Acting as Signatory of Unsecured Bond

Defense counsel was unable to locate any authority holding that a non-citizen, or a recipient of deferred immigration action, cannot properly sign an unsecured signature bond. To the extent the concern about the signatory's citizenship status is premised on the government's concern for being able to collect on the bond, that argument has been rejected in prior cases. *United States v. Powell*, No. CR-10-00292-CW (DMR), 2010 WL 2557388, at *5 (N.D. Cal. June 21, 2010) ("For the reasons set forth above, this Court finds that the Bail Reform Act and Rule 46(e) permit a court to order an unsecured appearance bond as an appropriate condition of release pursuant to 3142(c)(1)(B)(xiv), without requiring the signatories to "qualify" as "sureties" under Rule 46(e)."); *United States v. Sanders*, No. 19CR00125RJAJJM001, 2019 WL 4941967, at *3 (W.D.N.Y. Oct. 8, 2019) (granting unsecured bond despite government questioning "their ability to satisfy these bonds if Sanders violates his release conditions").

3.     Allegation of Continued Unlawful Business Practices

A letter from Defendant's business attorney, Mr. Edmund Fitterer, Jr., is attached is *Exhibit A*. It details how Mr. Michael Khanna is presently operating Blacey's Auto Parts in Wrightstown, New Jersey. Counsel is informed that Blacey's does not buy or sell catalytic converters and is not alleged to otherwise have engaged in any unlawful activity. The allegations in this case relate exclusively to catalytic converters. Defendant's ownership of, or his family's continued operation of, an unrelated auto industry business should have no bearing on the Court's bond determination.

4.     Coinbase Account

The government expressed concern that Mr. Khanna may have cryptocurrency assets. Defense counsel can represent that Mr. Khanna has a Coinbase account in which he owns Bitcoin with a current approximate market value of $1,096.22. Counsel has obtained the username and password to this account and can provide them to pretrial services upon request. *Exhibit B*.

5.     Mr. Kamaljit Badwal and Mrs. Jaswinder Badwall will now post their home as collateral to support this bond

Defendants' brother-in-law Kamaljit Badwal was identified as a viable surety in Pre-Trial's report dated January 4, 2023. (See page 15.). Mr. Badwal and his wife are now willing to post their home of over 20 years as collateral for this bond. On Wednesday, January 11, 2023, defense counsel e-mailed the pretrial services department to confirm that Mr. Kamaljit Badwal and Mrs. Jaswinder Badwal are willing to offer this additional collateral for Mr. Khanna. (*Exhibit C*.) I understand that Mr. Badwal spoke to pretrial services by phone on the morning of January 11th to advise the same. The couple offers their home in Malden, Massachusetts as collateral. It has a value of over $700,000 and is encumbered only by two

mortgage loans totaling just over $300,000.  I respectfully submit that any concern over the sufficiency of the previously offered sureties is more than adequately addressed by the addition of this collateral.

    Defendant Navin Khanna proposes a bond in the amount of $300,000, secured by the residence owned by Kamaljit Badwal and Jaswinder Badwall located at 48 First Street, Malden, Massachusetts. As for Tinu Khanna, a bond is proposed in the amount of $250,000, secured by the residence owned by Michael Khanna located at 308 Wyckoff Road, Eatontown, New Jersey. Sapna Jolly is an additional surety willing to post $100,000 to either defendant or to both defendants in the amount of $50,000.

    The defendant respectfully submits: "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno* (1987) 481 U.S. 739, 755.

Very truly yours,

EISNER GORIN LLP

*/s/ Alan Eisner*

ALAN EISNER
Attorney for Defendant
NAVIN KHANNA